## COMMERCIAL INV. CO. v. DEICHMANN.
### No. 195.

District Court, E. D. Missouri, E. D.
July 13, 1939.

Altman, Bremser, Newmark & Altman and Arnot L. Sheppard, all of St. Louis, Mo., for plaintiff.

William J. Becker, of Clayton, Mo., for defendant.

COLLET, District Judge.

This cause is pending upon the defendant's motion to dismiss. Only one of the grounds stated in the motion will be considered—that the bill fails to state a claim upon which relief can be granted. The complaint charges in substance that the plaintiff is the assignee of the successor-receiver of The St. Louis National Bank of "all of his (Receiver's) right, title, and interest as such receiver, in and to the claim against defendant herein based upon his (Defendant's) aforesaid liability as a shareholder in The St. Louis National Bank * * *."

A motion was filed to this complaint requesting that the plaintiff be required to furnish a definite statement and description of the assignment referred to in the complaint. This motion was sustained and pursuant to the Court's order, a photostatic copy of the assignment was filed, which assignment, omitting the attached affidavit, is as follows:

"Assignment

"For value received, the undersigned, J. Buckner Fisher, Receiver of the St. Louis National Bank, pursuant to the approval of the Comptroller of the Currency of the United States and confirmation of the United States District Court of the Eastern Division of the Eastern Judicial District of Missouri, does hereby sell, assign and set over unto the Commercial Investment Company, a Missouri Corporation, without recourse and without warranty of any kind or character, all the right, title and interest of the said Bank and Receiver in and to a judgment rendered in Case No. 11759 in the United States District Court of the Eastern Division of the Eastern Judicial District of Missouri, on June 17, 1937, in favor of the said J. Buckner Fisher, Receiver, and against Margaret Deichmann in the sum of $5,757.69 and costs.

"(Sgd) J. Buckner Fisher

"Receiver of St. Louis National Bank of St. Louis, Missouri."

The complaint alleges the fact to be that at the time The St. Louis National Bank was placed in the hands of the Acting Comptroller of Currency on March 1, 1933, forty-six shares of stock in that institution were found to be listed on the records of the bank as belonging to Margaret Deichmann. An assessment was levied of 100 per cent on the par value thereof against Margaret Deichmann. This assessment not being paid an action was instituted by the Receiver against Margaret Deichmann for the amount of the assessment. Judgment was entered in favor of the Receiver against Margaret Deichmann for $5,757.69 and costs. The complaint proceeds then to allege that at the time of the institution of the action by the Receiver against Margaret Deichmann, it was not known to the Receiver that the stock standing in the name of Margaret Deichmann on the books of the bank on March 1, 1933, had theretofore been transferred to Margaret Deichmann by the defendant William D. Deichmann with the fraudulent intent on the part of William D. Deichmann to escape liability for an assessment which he anticipated as a result of his knowledge of the failing condition of the bank. It is alleged that as a result of fraud, the transfer by William D. Deichmann of the stock to Margaret Deichmann was ineffectual to relieve William D. Deichmann of his susceptibility to a levy against the real owner of the stock. The complaint then proceeds to allege the assignment above referred to and quoted from, by the Receiver to the Commercial Investment Company of all the rights of the Receiver in and to the claim *against William D. Deichmann*. This latter allegation is the allegation involved in the motion for a more particular description of the assignment heretofore referred to.

The assignment itself, produced at the Court's direction in response to defendant's motion, discloses definitely that plaintiff's allegation in the complaint to the effect that it is the assignee of all of the Receiver's rights against William D. Deichmann cannot be true. The assignment is definite and specific and assigns the judgment which the Receiver held against Margaret Deichmann. No reference whatever is made in the assignment to an existing cause of action against William D. Deichmann in favor of the Receiver. In fact, as above noted, the complaint affirmatively alleges that at the time the suit against Margaret Deichmann was filed the facts upon which any responsibility of William D. Deichmann might be based were unknown. Certainly, this allegation belies the possibility of an intention on the part of the Receiver in assigning the claim or judgment he held against Margaret

Deichmann to include also any claim which might thereafter have been discovered to exist against William D. Deichmann.

It apparently is the plaintiff's theory that the assignment of the judgment against Margaret Deichmann carried with it the right of the Receiver to proceed against William D. Deichmann. I cannot agree with that theory since it seems obvious to me that the right to proceed against William D. Deichmann upon the theory that his transfer of the stock to Margaret Deichmann is fraudulent is a distinct, separate cause of action. Absent an authorized assignment that cause of action remained in the Receiver. The assignment produced by plaintiff as the assignment of the Receiver's claim against William D. Deichmann is the assignment quoted above and, as heretofore observed, conveys only the judgment against Margaret Deichmann. Under these circumstances the facts disclosed by the complaint and the assignment which was produced and made a part of the complaint disclose that there can be no recovery against William D. Deichmann under the allegations of this complaint. Hence, the motion to dismiss is sustained.